UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RODERICK BO JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CV417-046 |
| ) | |
| STATE OF GEORGIA, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Roderick Bo Jackson brings this 42 U.S.C. § 1983 action, alleging various constitutional violations related to his confinement at Chatham County Jail.[1]  *See* doc. 1. He also seeks leave to proceed *in*

---

[1] Jackson filed his Complaint and IFP motion on state-court forms, captioned for the Superior Court of Chatham County, Georgia. Doc. 1 at 1, doc. 2 at 1. It is possible that he intended to file his Complaint in that Court, but the internal indications are ambiguous. He asserts violations of the U.S. Constitution ("1st Amendment and 8th, 14th Amendment violations against my constitutional rights"), doc. 1 at 1, and, as discussed below, he has attached an addendum addressed to the Clerk of this Court, *id.* at 42. For the reasons explained below, he is not entitled to proceed IFP in this Court, so his Complaint is due for dismissal unless he pays the full fee. If he intended to file his Complaint in the Superior Court of Chatham County, he may voluntarily dismiss this case under Fed. R. Civ. P. 41(a), or, as discussed below, take no further action and it will be dismissed without prejudice.

*forma pauperis* (IFP). Doc. 2. Although he is indigent, Jackson is precluded from proceeding IFP by the "three strikes" provision of the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g).

The PLRA precludes IFP status for plaintiffs who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "After three meritless suits, the prisoner must pay the full filing fee when he initiates suit; his failure to do so warrants dismissal without prejudice." *Schmidt v. Rodrigues*, 641 F. App'x 913, 916 (11th Cir. 2016) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)).

Jackson discloses only one previous lawsuit in this Court, which he claims is "still pending." Doc. 1 at 3 (referring to *Jackson v. Phillips*, CV415-127, doc. 1 (S.D. Ga. May 11, 2015) (Complaint)). Despite his assertion, that case (also brought IFP) was dismissed as frivolous in 2015. *See Jackson v. Phillips*, CV415-127, doc. 3 (granting

2

IFP), doc. 6 at 4 (S.D. Ga. Oct. 8, 2015), *adopted* doc. 9 (S.D. Ga. Nov. 25, 2015). The Report and Recommendation recommending that dismissal points out that that case was "one of *four* civil cases Jackson has commenced in this Court." *Id.* at 1 n. 1 (emphasis added). The other three were also dismissed as frivolous. *See Jackson v. Grogan*, CV415-079, doc. 3 (S.D. Ga. April 2, 2015) (granting IFP), doc. 7 (Oct. 8, 2015) (recommending dismissal "*sua sponte* as legally frivolous or, at the very least, for failure to state a claim."), *adopted* doc. 10 (29, 2015); *Jackson v. Ruffini*, CV414-250, doc. 3 (Nov. 20, 2014) (granting IFP), doc. 10 (Oct. 8, 2015)(recommending dismissal as frivolous), *adopted* doc. 13 (Nov. 10, 2015); *Jackson v. Grogan*, CV414-249, doc. 3 (Nov. 20, 2014) (order granting IFP), doc. 11 (Oct. 8, 2015) (recommending dismissal as frivolous), *adopted* doc. 15 (Nov. 25, 2015). He alleged in all of his previous suits that he was incarcerated. *Jackson v. Phillips*, CV415-127, doc. 1 (May 11, 2015) (Complaint); *Jackson v. Grogan*, CV415-079, doc. 1 (April 1, 2015) (same); *Jackson v. Ruffini*, CV414-250, doc. 1 (Nov. 17, 2014) (same); *Jackson v. Grogan*, CV414-249, doc. 1 (Nov. 17, 2014) (same). Since all four of Jackson's prior civil actions in this Court were brought while he was a

3

prisoner, pursued IFP, and dismissed as "frivolous," he has struck out.[2]

---

[2] Jackson has had another prisoner-IFP case dismissed by this Court. *See Jackson v. St. Lawrence*, CV414-259, doc. 1 (S.D. Ga. Nov. 24, 2014), doc. 3 (Dec. 1, 2014) (granting IFP), doc. 6 (Feb. 23, 2015) (recommending dismissal), *adopted*, doc. 8 (April 27, 2015). The recommendation of dismissal does not *expressly* state that his claim was frivolous, and it was dismissed without prejudice. *See* CV414-259, doc. 6 (Feb. 23, 2015) (recommending dismissal), *adopted*, doc. 8 (April 27, 2015) (dismissing without prejudice). No "magic words" are required to classify a dismissal as a § 1915(g) strike. *Daker v. Commissioner, Georgia Dept. of Corrs.*, 820 F.3d 1278, 1284 (11th Cir. 2016) (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). But, since the dispositions of Jackson's other cases are explicit in finding them frivolous, he has more than three § 1915(g) strikes regardless. Despite the appearance, therefore, that this case too was dismissed for frivolity or failure to state a claim, no additional analysis is necessary.

Jackson's failure to disclose his previous cases, by the way, is not benign. This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court. *See, e.g., Ross v. Fogam*, 2011 WL 2516221 at * 2 (S.D. Ga. June 23, 2011); *Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug.1, 2011), *cited in Brinson v. Townsend*, 2015 WL 2378940 at * 2 n. 4 (S.D. Ga. May 15, 2015). As explained in *Ross*:

> Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

4

Despite his failure to disclose all of his prior cases, Jackson apparently recognized the risk that he has exhausted his § 1915(g) strikes. He has attached an addendum to his Complaint, addressed to the Clerk of this Court, "RE: Civil Action § 1983," alleging his "life is

---

> In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

*Ross*, 2011 WL 2516221 at * 2.

Jackson's under-oath (doc. 1 at 40) misrepresentation of his prior cases therefore provides an alternative basis for dismissing his Complaint. Whether or not Jackson's failure to fully disclose his prior filings affects the disposition of this case, it is a continuation of his abuse of this Court's processes -- misleading filings are no less wasteful of the Court's resources than frivolous filings. If the protections against abusive filing continue to prove ineffective to dissuade Jackson's abuses, stronger medicine, including special handling instructions for any further cases he files, may be necessary. *See, e.g., Hurt v. Zimmerman*, No. CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015) (advising paperless disposition option), *adopted*, doc. 5 (Nov. 4, 2015); *In re. Matthew Washington*, 4:17-mc-003, doc. 2 (S.D. Ga. Mar. 8, 2017).

under imminent danger of serious physical injury O.C.G.A. § 42-12-7.2."[3] Doc. 1 at 42. Conclusory and general allegations of possible physical harm are not sufficient to invoke the imminent-danger exception to § 1915(g)'s three-strikes bar. *See Sutton v. District Attorney's Office, of Gwinnett Superior Court, Georgia*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (2004) ("[G]eneral assertions [of health risk], even construed liberally are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'")). Accordingly Jackson's bare assertion of imminent danger, in the absence of any indication of which facts in his 43-page Complaint might be intended to support it, is insufficient.

---

[3] O.C.G.A. § 42-12-7.2 is Georgia's statutory analogue of 28 U.S.C. § 1915(g). It states "[i]n no event shall a prisoner file any action *in forma pauperis* in any court of this state if the prisoner has, on three or more prior occasions while he or she was incarcerated or detained in any facility, filed any action in any court of this state that was subsequently dismissed on the grounds that such action was frivolous or malicious, unless the prisoner is under imminent danger of serious physical injury." O.C.G.A. § 42-12-7.2. Jackson's invocation of the state exception to the three-strikes bar supports the conclusion, albeit not conclusively, that he intended to file his Complaint in state court.

6

Jackson has more than exhausted his three strikes under 28 U.S.C. § 1915(g), and has not established entitlement to the imminent-danger exception. Accordingly, his IFP motion, doc. 2, should be **DENIED**. Within 14 days of the date that this Report and Recommendation (R&R) is served, Jackson must pay the full filing fee or his Complaint should be **DISMISSED** without prejudice.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the

waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this  3rd  day of March, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA